JOHNSON, RESPONDENT, *v.* MAIETTE, APPELLANT.

(No. 2,308.)

(Submitted October 11, 1906.   Decided November 12, 1906.)

*Master and Servant—Personal Injuries—Evidence—Contribu-
tory Negligence—Instructions.*

Master and Servant—Personal Injuries—Defective Appliances—Evidence—
Review.

1.   Evidence submitted in an action for personal injuries, alleged to
have been sustained by plaintiff, a laborer, by reason of his em-
ployer's negligence in directing him to work in an unsafe place and
with defective appliances, reviewed and held sufficient to go to the
jury.

Same—Contributory Negligence—Servant Choosing Mode of Doing Work.

2.   Where a laborer was directed by his employer to make certain
alterations on an elevator without indicating the mode in which the
work should be done, and the employee voluntarily selected one which
was more dangerous than another method in which it might have been
done, it must have appeared, in order to attribute contributory neg-
ligence to the employee as a matter of law, that the mode employed
by him was known to him to be more dangerous, or its dangerous
character must have been so obvious that he could be presumed to have
known it.

Same—Negligence of Employer in Giving General Directions.

3.   An order by an employer to his employee to do certain work with-
out pointing out the mode of doing it was equivalent to directing him
to use such mode as to him (the employee) seemed most suitable; and
where, in performing the work, the servant was injured, it was a ques-
tion for the jury to say upon the evidence,—which tended to prove
the allegations of the complaint that the injury was caused by reason
of a defective appliance furnished by defendant employer and that
the latter gave such direction,—whether the defendant was guilty of
negligence in supplying such faulty appliance and in giving the gen-
eral direction to the employee he did give.

Same—Instructions—"Obviously" Dangerous Mode of Doing Work.

4.   An instruction given in an action against a building contractor
for personal injuries to one of his employees, who had been directed
to do certain work without being told in what mode to do it, and in
doing it was injured, to the effect that where two ways are open to
an employee of performing a duty, one of which is *obviously* danger-
ous and the other safe, and he knowingly and voluntarily or through
negligent ignorance selects the dangerous one, thereby bringing upon
himself an injury which probably would not have befallen him had
he selected the other one, he cannot recover, but contributory negli-
gence will be imputed to him as a matter of law, was not made er-
roneous by the use of the word "obviously" before the word "dan-
gerous."

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by August Johnson against Joseph Maiette for personal injuries. From a judgment in favor of plaintiff and from an order denying him a new trial, defendant appeals. Affirmed.

*Messrs. McBride & McBride,* for Appellant.

Where the employer has furnished the facilities for performing the work in a safe manner, and the servant of his own accord selects the way or manner of performing the work which is less safe than that provided by the master, and the servant is injured, the servant cannot recover for the injury, for the reason that he has been guilty of contributory negligence. (5 Thompson on Negligence, par. 5372; *Kilroy* v. *Foss,* 161 Mass. 138, 36 N. E. 746; *Kinney* v. *Corbin,* 132 Pa. St. 341, 19 Atl. 141; *Towne* v. *United Electric etc. Co.,* 146 Cal. 766, 81 Pac. 124, 70 L. R. A. 214; see, also, 5 Thompson on Negligence, sec. 5372; 1 Labatt on Master and Servant, par. 258.)

*Messrs. Maury & Hogevoll,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for a personal injury alleged to have been suffered by the plaintiff through the negligence of the defendant. The defendant is a building contractor. At the time of the accident he was engaged in erecting a building in the city of Butte. The plaintiff was employed by him as a mortar carrier. The complaint alleges that it was then and there the duty of the defendant to furnish to plaintiff a reasonably safe place to work; that the defendant directed the plaintiff to go upon a certain elevator; that, unknown to the plaintiff the elevator was insecurely and negligently stationed at the second floor above the ground floor of the basement of the building; that it was in a dangerous condition through the

negligence of the defendant in placing, or allowing to be placed, under it to support it a plank which was weak, insufficient, unsafe and dangerous; and that, without negligence on the part of the plaintiff, and while he was engaged in exercising due care, the plank broke while he was on the elevator at the command of the defendant with the result that he fell a distance of twenty feet, breaking his arm at or near the wrist, resulting in permanent injury. Judgment is demanded for $2,575, including expenses for medical treatment.

The answer admits the employment and the injury, but denies all the other material allegations of the complaint. It alleges affirmatively that the injury was the result of plaintiff's own negligence, in this: That the elevator had been used to raise brick and mortar from the ground to the second floor of the building; that it had two cages, connected by cable, and was so operated that when one cage was at the ground floor the other was at the second floor; that during the progress of the work it became necessary to change it so that it could be used to raise material to the third floor also, and in order to effect the change it was necessary to detach the cage at the second floor from the cable which connected it with the cage on the ground floor; that to hold the cage at the second floor while making the change it was allowed to rest upon a plank which was placed under it, with its ends resting on the floor on either side of the elevator shaft; that the plank was intended to support the cage and nothing else; and that, while the cage was so supported, the plaintiff, without directions from the defendant, but carelessly, negligently, and wrongfully, went upon it and busied himself in such a way thereon that the plank broke, allowing the cage to fall to the ground, carrying plaintiff with it. Upon these allegations there was issue by reply. The trial resulted in a verdict for plaintiff for $500, and judgment was entered accordingly. The defendant has appealed from the judgment and an order denying a new trial.

Many assignments of error are set out in the brief, but the only ones argued and submitted for decision are that the evi-

dence is insufficient to justify the verdict and that the court erred in submitting certain instructions to the jury.

Plaintiff's evidence tended to show that the defendant, desiring to effect the necessary change in the elevator, went with another employee to the second floor and while this employee, assisted by the plaintiff, who remained on the ground floor and pulled upon the cable, raised the cage, the defendant thrust under it and across the shaft a plank, two inches thick and ten or twelve inches in width, leaving the ends resting on the floor on either side of the shaft. Upon this plank the cage rested. The defendant, having then directed the plaintiff and the other employee to make the change, went to another part of the building. A part of the work necessary to effect the change was a removal of the guide rods. These were made of gas-pipe and had to be unscrewed and lifted out. They could be lifted out by a person standing on the floor on the outside of the elevator shaft, but more conveniently by one standing on the deck of the cage. The plaintiff deemed it more convenient to stand on the deck of the cage, and did so, for the reason that he could not have the same purchase for the lift while standing on the floor, and for the further reason that one board was missing from the floor at the side of the shaft where he would have to stand, and for this reason the footing was not safe. The evidence does not show of what kind of wood the plank was, but it had a knothole in it, and, besides, was decayed. The plaintiff knew that the cage rested upon the plank, but knew nothing of its .character or of any defect therein. He testified that, if it had been sound and without flaw, it would easily have sustained his weight as he lifted, in addition to that of the cage. The weight of the plaintiff was one hundred and sixty pounds. As the plaintiff lifted upon the rod, the plank broke and the cage fell, breaking plaintiff's arm. Immediately after the accident the defendant admitted that he was solely to blame. The plaintiff had worked as a miner and had had some experience in using planks of the dimensions of the one here employed, to support heavy machinery.

Defendant's testimony was to the effect that the cage was composed of hard wood and iron, and weighed about three hundred pounds. A pipe ran around the middle of it and under the deck, so that, when it rested on the plank, the pipe fell upon its middle, causing the whole weight of the cage to rest on that point. Some of his witnesses testified that there was no hole in the floor; that it was quite as convenient for the plaintiff to stand upon it, even if he had been compelled to stand astride of the hole; that it was safer than to go upon the deck of the cage; and, in any event, that the proper way for the plaintiff to have reached the guide rods was by standing on a board running across the shaft outside of the cage or by standing on a scaffold made by placing a plank upon two bars on the frame of the elevator about twenty inches above the floor. The defendant denied that he had admitted at any time that he was to blame for the accident, but stated that, while he did direct the plaintiff to make the change in the elevator he gave no directions as to how the work should be done. It is somewhat difficult to understand from the transcript of the evidence exactly what the situation was; but the foregoing seems to be a fair statement of it.

Counsel for appellant contends that this evidence did not make a case for the jury because it conclusively appeared therefrom that the plaintiff was not directed to go upon the cage, and that of the different ways by which the work could have been done, he chose the one which was obviously the most dangerous, and hence was guilty of contributory negligence as a matter of law. It seems to us, however, that in directing the plaintiff to make the change, without pointing out the mode which should be pursued, the defendant necessarily directed him to employ such mode as to him seemed most suitable, and necessarily that he should go upon the cage and use that as his means of support, if that should appear as convenient and as safe as any other mode. Taking the order in connection with the fact which the evidence tends to show, and which for present purposes we must assume to be established, that, if the plank had been sound

and flawless, the deck of the cage would have furnished as safe footing as the floor or scaffold referred to by the defendant, the evidence fairly supports the allegation of the complaint on this point; and it was a question for the jury to say, upon the evidence, whether the defendant was guilty of negligence in the use of the plank for a support and in giving the general directions to the plaintiff that he did.

Mr. Thompson, in his work on Negligence, section 5372, says: "Generally speaking, where an employee has a duty to perform, and there are two ways or methods of performing it, or of reaching the place of performing it, one of which is dangerous and the other safe, or one of which is more dangerous than the other and the employee knowingly and voluntarily, or through negligent ignorance, and without there being any emergency, selects the dangerous one or the more dangerous one, in consequence of which selection he brings upon himself an injury which probably would not have befallen him if he had selected the other one, he cannot make his own negligence in making the choice the ground of recovering damages against his employer, but contributory negligence will be imputed to him as matter of law."

It will be noticed that under the rule stated by this author negligence will be imputed to the plaintiff only when it is apparent that he acts with knowledge that the method chosen is the more dangerous, or the circumstances are such that he ought to know that it is the more dangerous. We hold the converse of the rule to be true. When the servant is directed to perform certain work without directions as to the mode or means to be employed by him, and he voluntarily selects the mode or means which is dangerous or more dangerous, rather than the one which is safe or less dangerous, but does so without knowledge of its dangerous character, and the circumstances are not such as to warrant the presumption that he ought to know, negligence will not be imputed to him as a matter of law, but it will be left to the jury to determine whether or not, under all the circumstances, he ought to have known of the danger. In other words, in order

that contributory negligence may be attributed to him as a matter of law, it must appear that the mode employed by him is known to him to be more dangerous, or its dangerous character must be so obvious that he may be presumed to have known it; for it seems clear that if the means of doing the work have been supplied by the master, and one of them is dangerous, the choice being left to the servant, negligence should not be imputed to him as a matter of law unless he has knowledge, actual or constructive, that one of the means is dangerous and the other safe. (1 Labatt on Master and Servant, sec. 333, and illustrative cases in note.)

We are of the opinion, then, that the contention of the defendant cannot be sustained, and that the court correctly overruled his motion for a new trial on the ground that the evidence was not sufficient to go to the jury.

The first criticism made upon the instructions is directed to paragraph 4 of the charge, in which the court laid down the rule as to where the burden of proof rests to establish negligence on the part of the defendant and contributory negligence on the part of the plaintiff. We think the rule is correctly stated and that the defendant has no ground of complaint.

Instruction No. 8 requested by defendant, after quoting the above paragraph from Thompson on Negligence, had added to it a sentence which was deemed necessary to make it applicable to the circumstances of this case. The court modified it by inserting the word "obviously" before the word "dangerous" in the first part of the paragraph. It is said that this modification of the text was prejudicial. We do not see, however, that it materially alters the meaning of the language used by the author, because the word "obviously" only emphasizes the notion that, in order for contributory negligence to be imputed to the plaintiff as a matter of law the danger of the means or method must have been known to him, or the circumstances must have been such that it ought to have been known to him. The sentence

added by counsel was also modified to express the same idea more clearly.

We find no error in the record and the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

Rehearing denied December 8, 1906.